January 25, 2023

**VIA CM/ECF**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *E.K., et al., v. TikTok Inc. et al.*, No. 7:22-cv-10574-CS

Dear Judge Seibel:

  All of the parties in the above-captioned matter submit this joint letter to respectfully request a stay of all proceedings and deadlines in this action pending resolution of proceedings before the United States Judicial Panel on Multidistrict Litigation ("JPML") that, as detailed below, may affect the venue in which this case shall ultimately proceed.

**A. Procedural History**

  By way of brief procedural background, Plaintiff filed this case on December 14, 2022. On December 16, 2022, Defendants filed a Notice of Potential Tag-Along Action with the JPML identifying the present litigation as a potential tag-long action to *In re TikTok, Inc., Consumer Privacy Litigation* (MDL No. 2948) ("Tag-Along Notice"), and seeking a transfer of this action to the Northern District of Illinois where that MDL is pending. Defendants have filed similar notices in eight related cases to date.

  On December 28, 2022, the JPML issued a Conditional Transfer Order ("CTO-4"), conditionally transferring this action to the Northern District of Illinois pursuant to 29 U.S.C. § 1407, but staying that transfer pending resolution of any opposition. On January 4, 2023, Plaintiff filed a notice of opposition to CTO-4, and the JPML set a briefing schedule on that opposition. Briefing will not conclude until February 15, 2023. The JPML has not yet set a hearing date, but the soonest available hearing date thereafter appears to be March 30, 2023.

  In addition to opposing transfer to MDL No. 2948, on January 10, 2023 Plaintiff filed a notice of Non-Opposition to the Transfer of this action to a different MDL, *In re TikTok In-App Browser Consumer Privacy Litigation* (MDL No. 3067), which a plaintiff in a related case is currently seeking to form in the Central District of California. The parties are currently briefing and anticipate a hearing by the JPML on that dispute as well.

  In light of the pending proceedings in MDL Nos. 2948 and 3067, which may affect the venue in which this case will proceed, the Parties agree that, subject to this Court's approval, all proceedings and deadlines in the present case should be stayed until the JPML has made a decision on transfer of this action.

B.     **Legal Analysis**

"Many courts have stayed proceedings pending a decision by the JPML on whether to consolidate cases." *Rojas v. Teva Pharms. USA, Inc.*, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases and recognizing that courts "routinely" grant stays "pending rulings by the JPML"); *Browne v. JUUL Labs, Inc.*, 2021 WL 2682255, at *4 (N.D.N.Y. June 30, 2021) (same).  New York courts consider five factors in determining whether to stay proceedings: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Rojas*, 2020 WL 8513143, at *1 (quoting *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015)).

All five factors favor "a stay pending the JPML['s] decision on whether to transfer [a] case." *Browne*, 2021 WL 2682255, at *2-3.  To start, such a stay is relatively "short" and therefore imposes "no prejudice to either party" (factor 1).  *Rojas*, 2020 WL 8513143, at *1.  Absent the stay, Defendants assert that they would be prejudiced by "duplicative motion practice" (factor 2). *Browne*, 2021 WL 2682255, at *3-4; *accord Royal Park Invs.*, 941 F. Supp. 2d at 372 (same).  A stay is also "in the best interest of the courts, non-parties, and the public" (factors 3, 4, and 5), *Browne*, 2021 WL 2682255, at *3, because it "eliminate[s] the risk of inconsistent rulings and conserve[s] judicial resources," *Royal Park Invs.*, 941 F. Supp. 2d at 373 ("[C]ourts in this Circuit have recognized that stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." (internal quotation marks omitted)); *Rojas*, 2020 WL 8513143, at *1 (stay avoids "the risk of inconsistent rulings").

In short, all five factors favor a stay.

*     *     *

Accordingly, the Parties jointly respectfully request that the Court stay all proceedings and deadlines in this action—including but not limited to the requirement for any party to file a pleading, responsive pleading, or motion under Federal Rules of Civil Procedure 8, 9, or 12—pending further order of this Court.  The parties further respectfully propose that, if the JPML issues an order transferring this action to a different court, the transferee court may lift the stay in its discretion; if the JPML issues an order deciding not to transfer this action to another court, the Parties shall within 14 days of such decision submit a joint status report to this Court with a schedule for Defendants to respond to the Complaint.  The parties reserve all other rights.

No prior extensions or stays have been requested in this matter.

Respectfully submitted,

ISRAEL DAVID LLC


By: */s/ Blake Hunter Yagman*
       Blake Hunter Yagman

        Israel David
        israel.david@davidllc.com
        Blake Hunter Yagman
        blake.yagman@davidllc.com
        ISRAEL DAVID LLC
        17 State Street, Suite 4010
        New York, New York 10004
        Tel.: (212) 739-0622
        Facsimile: (212) 739-0628

        *Attorneys for Plaintiff E.K.*


        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation


        By: */s/ Eli B. Richlin*
            Eli B. Richlin
            *erichlin@wsgr.com*
            1301 Avenue of the Americas, 40th Floor
            New York, New York 10019
            Telephone: (212) 999-5800
            Facsimile: (212) 999-5899

        *Attorneys for Defendants TIKTOK INC. and BYTEDANCE INC.*

cc:    All Counsel of Record (via CM/ECF)